HENRY I. JACKSON, as Executor, etc., Respondent, *v.* THE TWENTY-THIRD STREET RAILWAY COMPANY, Appellant.

It is essential to constitute a valid gift, that there should be a delivery such as vests in the donee control or dominion over the property, and absolutely divests the donor, and the delivery must be made with intent to vest the title in the donee.

One S. purchased and paid for thirty shares of defendant's stock, directing the treasurer at the time to set it aside in the name of Y., plaintiff's testator, and that he (S.) would let him know whether to deliver it to Y. and what to do with it at some future time. The treasurer issued a receipt stating that he had received the purchase-price from Y., which receipt came into the possession of the latter, in what way it did not appear ; Y. had married a niece of S., lived in his family, and had adopted a child in whom S. took a special interest. Afterward S. told Y. that he could make the shares but twenty-seven, and as the receipt had been made out to him he would want an order for the three shares. Y. thereupon gave an order directing the company to transfer three shares of the stock then held by him, as S. might direct. No certificate of the stock was ever issued. When a dividend had been declared thereon, S. directed Y. to go to the office for it, that he had had the dividends made out in his name, and they would support or help support the child, and the dividends were paid to Y. by the direction of S. until the death of Y. After the stock had been thus placed in the name of Y., his wife died ; he married again, and his second wife ceased to care for the child. In an action to compel defendant to issue to plaintiff a certificate of the stock, *held* (ANDREWS, Ch. J., and FINCH, J., dissenting), that there was no valid gift of the stock, as it was clearly not the intent of S. to vest the title in Y. for himself but to create a trust for the benefit of the child, nor was it his intent that Y. should control the stock.

Also *held*, that this defense was available to defendant.

*Jackson* v. *Twenty-third St. R. Co.* (15 J. & S. 85) reversed

(Argued March 2, 1882; decided April 11, 1882.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 5, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 15 J. & S. 85.)

The nature of the action and the material facts are stated in the opinion.

*Osborn E. Bright* for appellant. There can be no gift of personal property without a delivery. The donee must acquire not only the possession, but the dominion of the property. (2 Kent's Com. 439 ; *Brink* v. *Gould,* 7 Lans. 423 ; *Irish* v. *Nutting,* 47 Barb. 370 ; *Noble* v. *Smith,* 2 Johns. 52 ; *Bedell* v. *Carll,* 3 N. Y. 581, at page 584 and 585 ; *Montgomery* v. *Miller,* 3 Redf. Surr. 154 ; *Curry* v. *Powers,* 70 N. Y. 212 ;

*Harris* v. *Clark*, 3 Comst. 113–114.) Mr. Youmans acquired no title to the stock, as there was neither any written assignment nor any actual or symbolical delivery of it to him. (*Davis* v. *Bank of England*, 2 Bing. 393 ; *Burral* v. *Bushwick R. R. Co.*, 75 N. Y. 211, 216, 217 ; *Mechanics' Bank* v. *New York and New Haven R. R. Co.*, 3 Kern. 599 ; *Johnson* v. *Spies*, 5 Hun, 468 ; *Stevens* v. *Stevens*, 2 Redf. Surr. 265 ; *Doty* v. *Wilson*, 5 Lans. 7 ; *Davis* v. *Bank of England*, 2 Bing. 393 ; Way on Voluntary and Fraudulent Alienations, part 5, chap. 2 ; 2 Kent's Com. 439 ; *Gray* v. *Barton*, 55 N. Y. 73 ; *Stevens* v. *Stevens*, 2 Redf. Surr. 265.) It cannot be said that the receipt of July 11, 1872, constituted a delivery of the shares. Its whole force as a receipt is overcome by the uncontradicted proof, and by the express finding of the court, that Youmans in fact paid nothing. (*House* v. *Low*, 2 Johns. 378 ; *Wadsworth* v. *Alcott*, 6 N. Y. 64 ; *Sperry* v. *Miller*, 16 id. 407 ; *Southwick* v. *Hayden*, 7 Cow. 334 ; *Bushwell* v. *Pioneer*, 37 N. Y. 312 ; *Gaskell* v. *Gaskell*, 2 Y. & J. 502.) The evidence of the instructions from Mr. Sharp to Mr. May was competent, and was erroneously excluded and was properly reviewed, and being uncontradicted was conclusive in favor of defendant. (*How* v. *Brundage*, 1 Sup. Ct. 429.) As the instructions to Mr. May by Mr. Sharp should have been regarded by the trial judge, the mere fact that this stock was ordered to be placed in the name of Mr. Youmans is entirely immaterial ; it was perfectly competent for Mr. Sharp to constitute Mr. May, the treasurer, his agent for the time being, and having at the time expressly reserved to himself the power to control the disposition of the stock in the future, he could revoke the authority and instructions given to Mr. May, and resume full control over his own property. (*Gaskell* v. *Gaskell*, 2 Y. & J. 502 ; *Bulbeck* v. *Silvester*, 45 L. J. Ch. Div. 280 ; *Taylor* v. *Fire Department*, 1 Edm. Ch. 293 ; *Geary* v. *Page*, 9 Bosw. 290 ; *Meiggs* v. *Meiggs*, 15 Hun, 453 ; *Bulbeck* v. *Silvester*, 45 L. J. Ch. Div. 280 ; *Taylor* v. *Fire Department*, 1 Edm. Ch. 293 ; *Doty* v. *Wilson*, 47 N. Y. 580 ; *Fisher* v. *Hall*, 41 id. 416 ; *Bryant* v.

*Bryant*, 42 id. 11; *Garnsey* v. *Munday*, 24 N. J. Eq. 243.) Whether it was competent or not to show that the real nature of the transaction was an attempt to create a trust in favor of the adopted child, as Mr. Sharp did not do all that he could to divest himself of the legal title to the stock, since he failed to cause the certificate of the stock to be delivered to the proposed trustee, what he did was only in the nature of an incomplete gift, and a court of equity will never help a mere volunteer to complete an imperfect gift. (Perry on Trusts [2d ed.], vol. 1, § 100; Lewin on Trusts [7th ed.], chap. 6, § 3; *Bridge* v. *Bridge*, 16 Beav. 315; *Moore* v. *Moore*, L. R., 18 Eq. 474; *Autrobus* v. *Smith*, 12 Ves. 39; *Martin* v. *Funk*, 75 N. Y. 134, 137, 138; Perry on Trusts [2d ed.], § 100; Lewin on Trusts [7th ed.], chap. 6, § 3; *Bridge* v. *Bridge*, 16 Beav. 316; *Moore* v. *Moore*, L. R., 18 Eq. 474; *Autrobus* v. *Smith*, 12 Ves. 39; *Martin* v. *Funk*, 75 N. Y. 134, 137, 138; *Milroy* v. *Lord*, 4 DeGex, F. & J. 264.) If the transaction should be held to be a valid gift to Youmans, then his proper remedy is at law for a conversion of the certificate, or by an action on the case, or by *assumpsit*, or an implied promise in law by the company to issue a certificate to him. (*Mechanics' Bank* v. *N. Y. & N. H. R. R. Co.*, 13 N. Y. 597, 624; *Arnold* v. *The Suffolk Bk.*, 27 Barb. 424; *Davis* v. *Bank of England*, 2 Bing. 395; *Foll's Appeal*, 36 Legal Int. 495; *Ross* v. *Northern Pacific R. R. Co.*, 1 Woolworth's C. C. 26; Lewis' Law of Stocks, Bonds and other Securities, page 157; *Foll's Appeals* [1879], 36 Legal Int. [Pa.] 495; *Ross* v. *Union Pacific R. R.*, 1 Woolworth's C. C. 26.

*Henry Stanton* for respondent. In an action brought against a corporation, by a person who appears as a shareholder upon the company's books, to compel the issue and delivery of a certificate for such shares, the defense that a third person, who has not been made party to the action and who has made no demand upon the company for the stock, is not available to the corporation. (*Bliven* v. *Hudson R. R. Co.*, 36 N. Y. 403; *Bates* v. *Stanton*, 1 Duer, 79; *Beach* v. *Berdell*, 2 id. 327;

*Aubrey* v. *Fiske*, 36 N. Y. 47; *Rogers* v. *Wier*, 34 id. 463; *Campbell* v. *Erie R. Co.*, 46 Barb. 540.) This action is not brought to compel the delivery of shares of stock, but to compel the defendant to issue and deliver a certificate of stock to one who was already a share owner but to whom a certificate had not yet been given, and such an action will lie. (*Burrall* v. *Bushwick R. R. Co.*, 75 N. Y. 217, 218; and see also *Johnson* v. *The Albany R. R. Co.*, 5 Lans. 222; *The Chester Glass Co.* v. *Dewy*, 16 Mass. 94, 101.) The prayer of the complaint being also "that the defendant account for all dividends," etc., and the court having adjudged that the plaintiff was the owner of the shares and entitled to the certificate, it was entirely competent for the court, sitting in equity, to give judgment for the dividend which became due on the stock between the commencement of the action and the day of trial. (*Taylor* v. *Taylor*, 43 N. Y. 578, 584; *Tyler* v. *Willis*, 35 Barb. 213; *Boyd* v. *Foot*, 5 Bosw. 110.) The transaction between the deceased and Mr. Sharp, in its most favorable view to defendant, was in substance a gift to the deceased. (Bouvier's Institutes, § 712.) The company is estopped from denying the fact that Youmans was a shareholder. (*Frost* v. *Insurance Co.*, 5 Denio, 154; Wharton on Evidence, § 1081; *Plumb* v. *Insurance Co.*, 18 N. Y. 392; *Brown* v. *Bowen*, 30 id. 519.) The retention of the certificate of shares by the company constituted a bailment. A chose in action may be the subject of a deposit. (Story on Bailment, §§ 51, 100, 111; Edwards on Bailment, §§ 11, 54; *Marvin* v. *Elwood*, 11 Paige, 365; Story's Eq. Juris., § 817.)

EARL, J. The plaintiff, as executor of the will of Sidney A. Youmans, deceased, brought this action to compel the defendant to issue to him thirty shares of its capital stock, which the complaint alleged his testator Youmans, in his life-time, had purchased of the defendant. The defendant denied that Youmans had purchased the stock, and alleged that the stock was the property of Jacob Sharp. It was undisputed upon the trial that Sharp paid for the stock, but the claim of the plaint-

iff was that Sharp had given the stock to Youmans, and the sole controversy of law and fact upon the trial was whether a legal and valid gift of the stock had been made as claimed. The undisputed facts show that Youmans married a niece of Sharp, and he and his wife, such niece, lived in the family of Sharp and adopted a child in whom Sharp took a special interest. Youmans never paid a cent for the stock to Sharp or the company. At the time Sharp paid for it, on the 11th day of July, 1872, the treasurer of the company issued a receipt as follows: "Received from Mr. Sidney Youmans $2,250, being in full for thirty shares of the capital stock of the Twenty-third Street Railway Company." This receipt found its way into the possession of Youmans. It does not appear how it got there; there is no evidence and I think no inference that it was delivered to him by Sharp. It was probably sent to him in some way in the ordinary routine of business by the treasurer of the company. The stock was entered upon the stock books, as we may infer, in the name of Youmans. At the time this was done he was not present, and Sharp told the treasurer to set aside thirty shares in the name of Youmans and that he would let him know whether to deliver it to him and what to do with it at some future time; and Sharp subsequently said to Youmans that he had set aside thirty shares of the stock which he intended for the adopted child. After the thirty shares had thus been set apart, Sharp told Youmans that he could make the number of shares but twenty-seven, and that as the receipt had been made out to him for the shares, he would want an order from him for the three shares, and he then obtained from him, on the 19th of May, 1873, the following order addressed to the president and treasurer of the railway company: "Gentlemen, please transfer three shares of the stock now held by me in the Twenty-third Street Railway as Mr. Jacob Sharp may direct. Respectfully, Sidney A. Youmans."

The certificate of stock was never delivered to Youmans, but remained in the office of the company, as directed by Sharp. After the stock had been put in the name of Youmans, and a

dividend had been declared, Sharp told him that he must go to the office for the dividends; that he had the dividends made out in his name and they would support the child, or help support it, and in this way the dividends were paid to Youmans until the time of his death, by Sharp's direction. The wife of Youmans, Sharp's niece, died after this stock had thus been placed in his name, and he married a second wife, and that wife has ceased to take care of the child.

These are all the material facts appearing in the case; they are undisputed, and from them it must be determined, whether a valid gift of this stock was made to Youmans; and I think it very clear that there was not. Delivery is essential to constitute a valid gift. The delivery must be such as to vest the donee with the control and dominion over the property, and to absolutely divest the donor of his dominion and control, and the delivery must be made with the intent to vest the title of the property in the donee. The intent is a necessary element of the transaction. Delivery, without intent to vest the title in the donee, could pass no title to him. Here it may be admitted that the payment of the money by Sharp, the entry of the stock on the books of the company in the name of Youmans, and the delivery to him of the receipt of July 11, 1872, would have been sufficient to constitute a delivery of the stock to Youmans, and sufficient to make a valid gift thereof to him, if such had been the intention of Sharp; but it is clear that such was not the intention. He did not, in any event, intend to vest the title in Youmans for himself; his intention was to create a trust for the benefit of the child, in whom he took the special interest. He did not intend that Youmans should control the shares of stock; he directed that they should be retained by the treasurer of the company, subject to his future control and direction. Youmans drew the dividends by his special direction and consent, for the support of the child. It may be true, in a legal sense, that it was not necessary for Youmans to have the certificate of stock in order to constitute him a stockholder, but among business men the certificate of stock is regarded as representing the stock and the title thereto. Such is the com-

mon understanding, and Sharp undoubtedly supposed when he retained the certificate that the stock remained subject to his control. The fact that Youmans did not, during his life, nearly seven years, call for the certificate of stock shows quite clearly that he did not regard himself as the owner of the stock; and that Sharp claimed to have the control and disposition thereof appears from the fact that he assumed to dispose of three shares thereof, after the certificate for the thirty shares had been executed. It is true that he applied to Youmans for an order to transfer these three shares, but that was merely a matter of form, because Youmans held the receipt and the shares appeared upon the books of the company in his name. That was a mere matter of book-keeping. Therefore, I conclude that there was no delivery of the stock, within the meaning of the law, to Youmans, with the intent to vest the title in him and give him the control thereof, and hence there is no reason, in law or justice, why the plaintiff in this action should recover, and thus probably defeat the benevolent purpose which actuated Sharp when he caused this stock to be set apart.

This defense is available to the defendant. It cannot be compelled to deliver the certificate to the plaintiff, unless Youmans owned it or was entitled to it. It did not hold the certificate as bailee for Youmans, but as bailee for Sharp.

The judgment should be reversed and a new trial granted, costs to abide event.

MILLER, DANFORTH and TRACY, JJ., concur.

FINCH, J., reads for affirmance; ANDREWS, Ch. J., concurs.*

Judgment reversed.

88   527
122   140

88   527
127   260

---

* The dissenting opinion of FINCH, J., was not handed down. —REP.