JASPER W. GILBERT, Respondent, *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF KINGS, Appellant.

The provision of the State Constitution (Art. 6, § 13) prohibiting any person from holding the office of justice or judge after the end of the year in which he reaches the age of seventy, and providing that the compensation of a judge of the Court of Appeals or a justice of the Supreme Court, who has served for ten years and whose term is abridged pursuant to said provision, shall be continued during the remainder of his term, refers to the sum of money the retiring judge was in receipt of, when he became disqualified, as his regular stated salary and allowance for expense; it does not include a sum payable by a locality for special and local services performed by the incumbent of the office for the time being.

Where, therefore, under the provisions of the act in relation to jurors in the county of Kings (Chap. 322, Laws of 1858, as amended by chap. 821, Laws of 1866), which require justices of the Supreme Court to witness

and assist in the drawing of jurors and authorizes the board of super-
visors of that county to fix a compensation for such services, said board
by resolution fixed a sum to be paid annually for performance of that
duty to plaintiff, a justice of said court, whose term was abridged by
said constitutional provision, *held*, that an action was not maintainable
by him to recover from the county said compensation for the balance of
his term.

(Submitted October 28, 1892; decided November 29, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court, in the second judicial department, entered upon an
order made May 16, 1892, which affirmed a judgment in
favor of plaintiff, entered upon a decision of the court on
trial at Special Term.

This action was brought to recover certain sums of money
claimed to be due plaintiff as a justice of the Supreme
Court.

The facts, so far as material, are stated in the opinion.

*John B. Meyenborg* for appellant. The amount claimed
by the plaintiff as being due him is not a part of the salary or
compensation due him as a justice of the Supreme Court, but
is a separate and distinct sum allowed to justices of the
Supreme Court of the second judicial district who are resi-
dents of Kings county for services required of them under the
acts of 1858 and 1866, in superintending the drawing of
jurors. (*Smith* v. *City of New York*, 37 N. Y. 518; Laws
of 1866, chap. 821.) Section 13 of article 6 of the Constitu-
tion does not apply. (*People ex rel.* v. *Wemple*, 115 N. Y.
302; Laws of 1866, chap. 821, § 9.) The meaning of the
words "established by law" in respect to the salaries or com-
pensation of public officers has been determined. (*Emmitt* v.
*Mayor, etc.*, 128 N. Y. 117–122.) There is no equity in the
plaintiff's claim, and the constitutional provision in question
should not be strained to enable the plaintiff to recover.
*People ex rel.* v. *Brundage*, 78 N. Y. 403; *Healy* v. *Dudley*,
5 Lans. 115.)

*Calvin Frost* for respondent.   An additional compensation was granted to the justices of the first and second districts as a county charge.   (*People ex rel.* v. *Wemple*, 115 N. Y. 302.) The objections that the provision for a *per diem* allowance contained in the act of 1870 (Chap. 408), and the provision for additional compensation contained in the act of 1866 (Chap. 821), were within the inhibitions of section 20 and sec‑ tion 7 of article 6 of the Constitution, as that article read before the amendment adopted in 1869, have ceased to have any legal import.   (Const. art. 6, § 14; 2 R. S. [7th ed.] 73; 1 id. 97.)   Nor did said inhibitions apply to the plaintiff during his second term, which began January 1, 1874. (*Smith* v. *Waterbury*, 54 Conn. 174.)   The additional com‑ pensation granted to all the justices of the Supreme Court by the act of 1872, and that which is required to be paid to those justices who reside in the county of Kings is, therefore, no longer obnoxious to such constitutional objections.   (*Darling‑ ton* v. *Mayor*, 31 N. Y. 164; *Comstock* v. *Butler*, 96 Penn. St. 535.)   The compensation claimed has been established by law.   (*People* v. *Draper*, 15 N. Y. 532, 543; *Darlington* v. *Mayor, etc.*, 31 id. 184; *People* v. *Jack‑ son*, 47 id. 375; *People ex rel.* v. *Hans*, 11 Abb. Pr. 261.) As, therefore, the compensation, whether paid by the state or by the county, cannot be diminished during the term, it must remain when the term is abridged and must be con‑ tinued after that event.   (*Fitzsimmons* v. *City of Brooklyn*, 102 N. Y. 536, 538.)   The power to diminish the compensa‑ tion which a judge received when his official term was abridged does not exist, for the reason that the clause of section 13 of the Constitution quoted, operates *ex proprio vigore* to con‑ tinue it.   (*People ex rel.* v. *Wemple*, 115 N. Y. 302.)   In order to restrict section 13 of article 6 of the Constitution so that it should operate to continue only that part of the com‑ pensation which is payable out of the state treasury, it would be necessary to interpolate into it the words " *due from the state,*" or " *payable by the state,*" or equivalent words. (*Newell* v. *People*, 7 N. Y. 9; *People* v. *Draper*, 15 id. 546;

*Rumsey* v. *People*, 19 id. 55; *Little* v. *Van Emea*, 49 id. 281; 125 id. 489; *People* v. *Suprs.*, 17 id. 235, 241; *People* v. *Davenport*, 91 id. 574, 585; 125 id. 485; Cooley on Const. Lim. [5th ed.] 69, 70, 71; *People* v. *Jackson*, 47 N. Y. 375.) The defense set up that the phrase in section 13 of article 6 of the Constitution, "and who shall have served as such judge or justice ten years or more," should be construed as meaning a service "of ten years or more" during the term which has been abridged, and that the plaintiff served only nine years in that term is untenable. (*People ex rel.* v. *Wemple*, 125 N. Y. 485.)

O'BRIEN, J.   By an amendment to section 13, article 6 of the State Constitution, which went into effect on the 1st of January, 1881, the following words were added to the section: "The compensation of every judge of the Court of Appeals and every justice of the Supreme Court, whose term of office shall be abridged pursuant to this provision, and who shall have served as such judge or justice ten years or more, shall be continued during the remainder of the term for which he was elected." The plaintiff was elected a justice of the Supreme Court for a term of fourteen years, commencing January 1, 1874, and ending December 31, 1887, but this term was abridged five years on and after December 31, 1882, by reason of the fact that during the year last mentioned he became seventy years of age. During the whole period of the term for which plaintiff was elected, he has been paid the salary of a justice of the Supreme Court, $6,000 annually, besides $1,200 per year being the allowance given in lieu of all personal expenses by chapter 541 of Laws of 1872. These payments were properly made, as is admitted under the decisions of this court. (*People ex rel. Bockes* v. *Wemple*, 115 N. Y. 302; *People ex rel. Gilbert* v. *Wemple*, 125 id. 485.)

At the time that the plaintiff was retired from office by reason of his advanced age, under the provisions of the Constitution, he was in receipt of another sum of money, namely,

the sum of six thousand dollars per annum, under a resolution of the board of supervisors of the county of Kings, adopted March 8, 1871, under the authority of section 9, chapter 821 of the Laws of 1866, which amended chapter 322 of the Laws of 1858, entitled " An act in relation to jurors, and to the appointment and the duties of a commissioner of jurors in the county of Kings." These statutes require the justices of the Supreme Court, or any two of them, with the other officers named in the act, to attend at the office of the commissioner of jurors to witness and assist in the drawing of juries to serve in the various courts of record to be held in the county. The ninth section of the amendatory act of 1866, under which the supervisors fixed the compensation, is as follows : " The board of supervisors of the county of Kings shall allow to the justices, judges and officers of the several courts for the services required of them under this act, and the act hereby amended, such compensation for their services as the said board shall deem reasonable and proper."

The plaintiff has recovered for the five years after he retired from office, and thus it has been held by the courts below that the provision of the Constitution providing that the compensation of judges whose terms are abridged by reason of age, shall continue during the term for which they were elected, not only embraces the annual salary and allowance for expenses, but also carries along with it any sum of money payable by a locality for special and local services performed by the incumbent of the office for the time being, as a member of a local board administrative or ministerial in its character. The question is, what did the framers of the amendment to the Constitution mean when they enacted that the *compensation* of the retiring judge should be continued, although he became disqualified to serve after reaching the age of seventy. The word compensation is used in both sections 13 and 14 of the article. In the latter section it is provided that " The judges and justices hereinbefore mentioned shall receive for their services a *compensation* to be established by law, which shall not be diminished during their official terms." The compen-

sation which was to be continued is obviously the same compensation mentioned in the next section, and which is to be established by law, and not diminished during the official term of the incumbent. The Constitution in using the words "compensation to be established by law," did not contemplate a resolution of a municipal body fixing the compensation of a judge for local services as member of a board which could as well be performed by any other officer.

When the amendment of 1880 was adopted, the word compensation had been in the judiciary article for ten years, and was understood to mean the salary of the judge as such, and the allowance for expenses, and it is quite unreasonable to suppose that either the framers of the amendment, or the people in adopting it, had in mind the allowance which a municipality or board might in its discretion award to a judge for local services as member of a board for drawing jurors. Neither the language nor the purpose of the amendment would justify the conclusion that the retiring judge was secured the payment of such a sum of money for years after he became disqualified to perform the duties by reason of the vacation of his office. It would seem to be a fair test of the question whether the sum of money mentioned in the resolution of the board of supervisors was *compensation*, within the meaning of the Constitution, to inquire whether the sum fixed for attending at the drawing of jurors could have been diminished during the plaintiff's term of office. If it could have been reduced or abolished altogether then it is not that compensation which is continued by the Constitution during the term for which the plaintiff was elected, for, as we have seen, that refers to the compensation to be established by law for judicial services and which cannot be diminished during the official term. The statute conferred power upon the board of supervisors to "allow to the justices, judges and officers of the several courts for the services required of them  *  *  * such compensation for their services as the board shall deem reasonable and proper." The whole matter of compensation was left to the discretion of the board, and when it passed the

resolution awarding the plaintiff six thousand dollars per year, this did not bind any future board and was not permanent. The next board could have reduced it to a nominal sum, and during the last year of the plaintiff's actual service the board might have abolished the compensation entirely as to him, as he was no longer within the terms of the statute qualified to perform the duties for which the compensation was to be paid. The Constitution in providing that the compensation of a judge, whose term was abridged by reason of age, should be continued, referred to the sum of money that the retiring judge was in receipt of when he became disqualified as his regular stated salary as one of the justices of the Supreme Court. It did not refer to or include what might be termed extra compensation which a particular judge was in receipt of when he became seventy years of age from a county for special services to be performed in and for such county and not elsewhere. It cannot be supposed that the people, when the amendment of 1880 was before them for adoption, intended that it should be so construed as to give one judge the statutory salary and allowance for expenses only, and to another judge nearly twice that amount. It was never intended that the amendment providing for the continuation of the compensation of a retiring judge should carry with it compensation by a locality for local services which he could not perform after his retirement, and which were not necessarily judicial in their nature and character. We think that the sum mentioned in the resolution of the board of supervisors for attending at the drawing of jurors in Kings county was not the compensation of a justice of the Supreme Court established by law, and which could not have been diminished during plaintiff's official term, but, on the contrary, it was special compensation by a locality for special services, and which was subject to change by the body that established it, and to be wholly abolished at the end of the plaintiff's actual term of service. The amendatory provision of the Constitution which secured to the plaintiff after his retirement his *compensation* as a justice of the Supreme Court cannot be held to include the sums for which the judgment in this case was rendered.

The judgment should, therefore, be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed. _____