(32 App. Div. 483.)

## PARTRIDGE v. KEARNS.

(Supreme Court, Appellate Division, Second Department. July 23, 1898.)

GIFT CAUSA MORTIS.

    The fact that the owner of a promissory note, shortly before her death, directs a person to whom she had previously delivered it merely for custody to give the same to a specified person after the owner's death, does not constitute a valid gift causa mortis.

Appeal from special term, Kings county.

Action by Frank J. Partridge, guardian of Frank and Clinton Partridge, against Mary A. Kearns, as administrator of Ellen Donnelly, deceased. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William W. Vaughan, for appellant.
William Van Wyck, for respondent.

WOODWARD, J. The evidence in this case establishes that Ellen Donnelly, defendant's intestate, about four weeks prior to her death, gave into the possession of Mrs. Cecilia Conroy a certain note or writing for $200, to be safely kept until the said Ellen Donnelly, who then resided in Astoria, should be able to go to Brooklyn. There was some evidence tending to establish that she at this time declared her intention to give the said note to Mrs. Partridge, mother of the infants, for their benefit; but no directions were given to Mrs. Conroy at this time, except that she was to hold the note until the said Ellen Donnelly should be able to go to Brooklyn. Two days prior to the death of the said Ellen Donnelly the evidence is that the deceased told Mrs. Conroy that two of her nieces were searching for the note; that—

"They were searching high and low for it, her nieces were,—Mary A. Kearns and Lizzie Kearns, a sister of Mary, not one of the makers of the note. She told me they were searching high and low for the note; for me to give it to no one but to Nellie; and that, when she was dead, for me to give it to her, for Frank and Clinton. I gave it to Nellie,—Ellen Partridge."

In answer to a question by the court, whether this conversation occurred at the time of the delivery of the note, the witness answered:

"No, sir; she was able to go around, and she came into my house with the note. Q. But she was then sick? A. She was sick; yes, sir. Q. And said she thought she wouldn't recover? A. Not at that time. When she brought the note in to me, she expected to come to Brooklyn."

There is no dispute as to the facts, and the only question necessary to decide in this case is whether the facts, as established, are sufficient to constitute a gift causa mortis.    We are of opinion that they do not. It is probably true that Ellen Donnelly intended that this note should be delivered to the mother of these infants, for their benefit, but something more than an intention is necessary to establish a gift causa mortis.    It is necessary to show, not only the intent, but the acts which carry out and consummate the intention.    "To constitute a valid gift," say the court in Re Bolin, 136 N. Y. 180, 32 N. E. 626, "there must have been the intent to give, and a delivery of the thing. The evidence must show that the donor intended to devest herself of the possession of her property, and it should be inconsistent with any other intention or purpose."    In the case at bar there was no "delivery of the thing."    It was given into the custody of Mrs. Conroy, for safe-keeping, at a time when the intestate contemplated, not her death, but a visit to her relatives in Brooklyn.    Subsequently, and two days prior to her death, she told Mrs. Conroy to deliver "the note" to Mrs. Partridge; but this direction to deliver was not accompanied by any delivery to Mrs. Conroy, who was, at best, but a mere agent of the intestate, and the transaction is utterly lacking in the essentials of a valid gift causa mortis.    "An intention to give, evidenced by a writing, may be most satisfactorily established," say the court in the case of Wadd v. Hazelton, 137 N. Y. 219, 33 N. E. 144, "and yet the intended gift may fail because no delivery is proved. And, where an intention to give absolutely is evidenced by a writing which fails because of its nondelivery, the court will not and cannot give effect to an intended absolute gift by construing it to be a declaration of trust, and valid, therefore, without a delivery."    The same doctrine is held in the case of Beaver v. Beaver, 137 N. Y. 67, 32 N. E. 999, where the court say:

"As the present case stood, upon the findings and the evidence, only the intention to make a gift was proved.    That was an element in the transaction, which, however satisfactorily established, was rendered of no effect by a failure of any proof of delivery to, or of acceptance by, the intended donee. There was not a fact to support a conclusion of the creation of a trust, nor a fact to show the existence of a mutual disposition of the minds of the parties at any time in relation to the matter, from which the idea of a gift, perfected by some act of delivery or of acceptance, could be formed."

In the case at bar, Mrs. Conroy was holding a certain note, subject to the order of the intestate.    Just prior to the death of the principal, Mrs. Conroy was directed to give the note to Mrs. Partridge, for the use of her children, after the death of the intestate.    This was not a consummated gift.    There was no delivery of the thing directed to be given, and none of the formality necessary to pass title.    That Mrs. Conroy had a certain note in her possession is of no consequence. There is nothing to show that this dying woman had this particular note in mind, and, even if she did, a direction to deliver it after her death did not constitute a gift.    It was within her control up to the moment of her death; she could at any time have given a different direction; and after her death it became a part of her estate, to be administered, in the absence of a valid will, as the law directs.    "Delivery," say the court in the case of Jackson v. Railway Co., 88 N. Y.

526, "is essential to constitute a valid gift. The delivery must be such as to vest the donee with the control and dominion over the property, and to absolutely devest the donor of his dominion and control, and the delivery must be made with the intent to vest the title of the property in the donee." The only distinction between the two classes of gifts is that a gift causa mortis is liable to revocation by the donor if he survives. In other respects, to be valid, they must have essentially the same elements. There was no delivery in the case at bar. The only direction given to the custodian of the note was that it was to be delivered after the death of the donor, thus clearly indicating a determination to keep the property within her control until her death; and this intention is inconsistent with the idea of a gift, and comes within the scope of a will, which the law demands shall be executed with due formalities.

The judgment of the trial court should be reversed.

Judgment reversed and a new trial granted; costs to abide the event. All concur.