JOSEPHINE ORTON and CAROLINE STEWART, Plaintiffs, v. HANNAH N. TANNENBAUM, CHARLES F. NORRIS, ANNETTE NORRIS, LAURETTE NORRIS, FRANK V. KELLY, as Public Administrator for the County of Kings, EUGENE M. TRAVIS, Comptroller of the State of New York, and CHARLES D. NEWTON, Attorney-General of the State of New York, Defendants.

(Supreme Court, Kings Special Term, January, 1920.)

Trusts — when not established — rights of public administrator.

> Where the intention of the owner of corporate stock to make a testamentary disposition thereof is not evidenced by an instrument executed with all the formalities of a will, the attempted testamentary disposition is ineffectual.

> In such case, the so-called trustee is a mere bailee of the stock and the owner having died intestate leaving no next of kin the complaint in an action brought by the beneficiaries of the attempted trust will be dismissed upon the merits.

> Where the answer of the public administrator did not ask for the surrender to him of the stock, no such relief can be granted, but, if necessary, he may recover the stock in replevin.

ACTION for the establishment and enforcement of a trust in personal property.

Arthur B. Graham (John P. Phillips, of counsel), for plaintiffs.

James B. Mackie, for defendant Tannenbaum.

Harold St. L. O'Dougherty, for defendants Norris.

Thomas J. Snee, for defendant Kelly, as public administrator.

BENEDICT, J.   This is an action for the establishment and enforcement of a trust in personal property alleged to have been created by one Elizabeth Flanagan in her lifetime by transferring certain corporate stocks to the defendant Hannah N. Tannenbaum to hold for the benefit of said Elizabeth Flanagan during her life and thereafter to distribute the same among the plaintiffs and the defendants Annette and Laurette Norris.

For many years prior to Miss Flanagan's death, which occurred in January, 1919, Miss Tannenbaum was her confidential agent for the investment of her money and was accustomed to buy and sell shares of stock for decedent through Miss Tannenbaum's own brokers. Sometimes the transactions were carried on through Miss Tannenbaum's account with the brokers and at other times in the name of decedent; but shares when purchased were transferred to decedent, certificates issued in her name and dividends sent directly to her, although Miss Tannenbaum held the certificates. It was not customary for decedent to indorse any such certificate for transfer until Miss Tannenbaum had sold the shares represented thereby. This agency was undertaken by Miss Tannenbaum gratuitously and as a matter of friendship.

Such being the situation, Miss Tannenbaum having in her possession a number of certificates of stock in various corporations belonging to decedent, decedent told her that in the event of her (decedent's) death these securities should be distributed among the persons above named — that is, the plaintiffs and the defendants Annette and Laurette Norris. This conversation is said to have taken place in December, 1917, or January, 1918. There is no evidence of any formal delivery of the certificates at the time to Miss Tannenbaum. Thereafter the business was carried on

as before — Miss Tannenbaum selling and buying shares for decedent — except that all these subsequent sales and purchases were carried on through Miss Tannenbaum's account; and at decedent's death Miss Tannenbaum had in her hands twelve certificates of stock standing in decedent's name, only one of which bore the signature of decedent to the power of attorney to transfer indorsed on the back thereof. Some of the shares represented by these certificates had been purchased prior to January, 1918, and some afterward. Miss Tannenbaum testified that decedent from time to time directed the same disposition to be made of shares bought subsequent to January, 1918, as of those on hand at that time.

The only defendant to offer any contest was the defendant Kelly, public administrator for Kings county, as administrator of decedent's estate, who contends that the legal title to the shares of stock in question was never divested from decedent, and hence no trust can be declared therein in favor of the intended beneficiaries, who are volunteers, under the familiar doctrine of *Milroy* v. *Lord,* 4 DeG., F. & J. 264. The plaintiffs contend, on the other hand, that a delivery of the certificates, even unindorsed, with intent to pass title, was sufficient to vest the title in Miss Tannenbaum, relying upon authorities which hold that a gift of shares of stock may be made by the simple delivery of the certificate unindorsed to the donee with intent to transfer title (*Gilkinson* v. *Third Ave. R. R. Co.,* 47 App. Div. 472; 2 L. R. A. [N. S.] 806, note; L. R. A. 1915 D, 733, note; Am. & Eng. Ann. Cas., 1912 C, 1235, note); and plaintiffs claim that the same rule applies in the case of the creation of a trust for volunteers, especially under section 170 of the Personal Property Law, which provides in substance that where a person makes a delivery of a certificate of stock

without indorsement or assignment, with intent to transfer title to the shares, an obligation rests upon him to complete the transfer by indorsement. See *Talbot* v. *Talbot,* 32 R. I. 72.

It is, however, unnecessary to decide this question, because I find no evidence of any intent on the part of decedent to pass title to said shares of stock to Miss Tannenbaum, either at the interview in January, 1918, or at any other time. Miss Tannenbaum testified that after that interview she regarded herself as a trustee, but the fact that the certificates for the shares subsequently purchased were issued in decedent's name negatives the idea that Miss Tannenbaum owned the legal title to the shares in trust. She was merely a bailee. I think that decedent's intention, as disclosed by the evidence, was to make a testamentary disposition of the property in question, retaining full control and power of disposition thereof during her lifetime; and as such intention was not evidenced by an instrument executed with testamentary formalities, the attempted disposition was of course ineffectual. See *Partridge* v. *Kearns,* 32 App. Div. 483.

Taking this view of the case, I cannot do otherwise than determine that no trust was created for the plaintiffs and the defendants Annette and Laurette Norris. Although this seems to result in frustrating the wishes of decedent and in hardship to the intended beneficiaries, because, as decedent left no next of kin, all property as to which she died intestate will go to the state, the court cannot overrule the statutes which require that testamentary dispositions of property shall be made in the manner therein prescribed. It is a case in which the legislature might well, it would seem to me, effectuate the decedent's intention by releasing the property to the intended beneficiaries, but this court can afford them no relief.

Judgment will be rendered dismissing the complaint on the merits, but without costs. As the public administrator has not asked in his answer for relief as against the defendant Tannenbaum for surrender of the certificates, no relief of that nature can be granted. The prayer for relief in the answer of the defendant Tannenbaum that she be instructed as to her duty in the premises is ineffectual because she is not a trustee, but, as stated above, a mere bailee, and the public administrator can recover the certificates by replevin if necessary.

Let the defendant Kelly submit a decision in accordance with this opinion, giving notice of settlement to all parties who have appeared herein. The requests to find submitted by the plaintiff will be passed upon at the time of signing the decision, and any other party who has answered may submit requests to find on the return day of the notice of settlement.

Ordered accordingly.