Matter of Jones v Town of Mayfield (2019 NY Slip Op 03864)





Matter of Jones v Town of Mayfield


2019 NY Slip Op 03864


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

527043

[*1]In the Matter MARJORIE E. JONES, Appellant,
v
TOWN OF MAYFIELD et al., Respondents.

Calendar Date: March 20, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Jeffrey Wicks, PLLC, Rochester (Charles D. Steinman of counsel), for appellant.
Murphy, Niles & Greco, Johnstown (Carmel J. Greco of counsel), for respondents.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the Supreme Court (J. Sise, J.), entered January 12, 2018 in Fulton County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondents calculating petitioner's compensation as Town Justice of the Town of Mayfield.
Petitioner is one of two town justices for respondent Town of Mayfield, having been first elected to that position for a term commencing on January 1, 2004. Both petitioner and the Town's other justice have the same job functions and receive an identical annual salary. The Town also offers the justices the opportunity to participate in its employee health insurance plan. While the other justice has elected to participate in this plan, petitioner chose not to and, in lieu of receiving health benefits, made several unsuccessful requests seeking additional compensation equal to the cost to the Town of the other justice's health insurance coverage.
In May 2017, petitioner sent a letter to the town supervisor formally requesting this additional compensation, arguing that health insurance coverage was a component of a town justice's salary and that, because her fellow justice was receiving this benefit and she was not, she was being compensated less than the other justice in violation of Town Law § 27. After petitioner's request was denied, petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking, among other things, a declaration that respondents' denial of her request for additional compensation violates Town Law § 27. Respondents answered and, following oral argument, Supreme Court found petitioner's claim to be without merit and dismissed the petition/complaint. Petitioner now appeals.
We affirm. Town Law § 27 (1), provides, in relevant part, that "[t]he town board of each town shall fix . . . the salaries of all officers and employees of said town" and that "the salaries of all town justices shall be equal," unless otherwise agreed upon by a majority vote of the town board (see Matter of Kelch v Town Bd. of Town of Davenport, 36 AD3d 1110, 1110-1111 [2007]). Although Town Law § 27 does not define the term "salary," the Court of Appeals [*2]has expressly held in a similar context that, with respect to the State Constitution's Judicial Compensation Clause (see NY Const, art VI, § 25 [a]), the state's contributions toward a justice's health insurance coverage "is not part of a judicial salary" nor considered "a permanent remuneration for expenses necessarily incurred in fulfillment of judicial obligations" (Bransten v State of New York, 30 NY3d 434, 441 [2017]; see also Gilbert v Board of Supervisors of County of Kings, 136 NY 180, 185 [1892]).
Here, at all relevant times, both petitioner and her fellow town justice have received identical salary and benefits, including eligibility to participate in the Town's health insurance plan. The fact that petitioner has chosen to forgo participating in this plan does not transform the Town's contribution towards the plan of the other justice — who did choose to participate — into some form of salary differential forbidden under Town Law § 27 (1) (cf. Bransten v State of New York, 30 NY3d at 441). Accordingly, we agree with Supreme Court that respondents' denial of petitioner's request for additional compensation did not violate Town Law § 27 (1).
Garry, P.J., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.