Elizabeth Wadd, Respondent, v. James E. Hazelton et al., as Executors, etc., Appellants.

Where an intention to give absolutely is evidenced by a writing which fails because of its non-delivery, the court may not give effect to it by construing it to be a declaration of trust and, therefore, valid without delivery.

While a trust may be implied from acts or words of the person alleged to have created it, to establish it, there must be evidence of such acts or words on his part as that the intention to create it arises as a necessary inference therefrom and is unequivocal. The settler must either transfer the property to a trustee or declare that he holds it himself in trust.

In an action to compel defendants, as executors of H., to surrender to plaintiff a certain bond and mortgage, it appeared that H., after he had by his will made some provision for plaintiff, stated to his attorney that he had made up his mind to give her about $2,000 in addition to the provision in his will. H. was then the owner of the bond and mortgage in question which was for the amount stated; he requested C., one of the executors named in his will to draw an assignment of them to plaintiff, and "said something about his intention to give" them to her. C. drew the assignment and returned all the papers to H. who subsequently signed it. A few days before his death H. delivered the assignment which was not acknowledged or recorded, with other papers belonging to him to C. with directions to him to deposit them in bank. After the death of H. the bond and mortgage went into the possession of defendants. It did not appear that the assignment was ever personally delivered to plaintiff. *Held*, that plaintiff was not entitled to recover; that the evidence failed to establish a completed gift, or a trust.

*Wadd* v. *Hazelton* (62 Hun, 602), reversed.

(Argued January 31, 1893; decided February 10, 1893.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday in January, 1892, which affirmed a judgment in favor of plaintiff, entered on the report of a referee.

This action was commenced to procure a judgment directing the defendants to surrender to the plaintiff a certain bond and mortgage for $2,000, which plaintiff alleged belonged to her. She claimed title by virtue of an assignment from the then owner of the bond and mortgage, one Albert Hill, exe-

cuted a short time prior to his death. The defendants denied the material allegations of the complaint.

From the referee's report it appears that Albert Hill, the testator, died August 29, 1884, at the age of eighty-seven years, leaving neither widow nor children. His will was proved and defendants are his executors. His wife died in 1870. The plaintiff in August, 1867, entered into the service of the testator as a household servant, and her wages had been paid her up to the time of testator's death.

In and by his will and codicils the testator made some provision for the plaintiff, and in January, 1884, the testator in a conversation between himself and his lawyer said to the latter that he had made up his mind to make a provision for plaintiff in addition to what he had made for her in his will; that the rate of interest had so fallen from what it used to be that he had made up his mind to give plaintiff about $2,000, in addition to the provision for her in his will; that she had been very faithful in his household, and the provision in his will would be less valuable than when he made it. Nothing was then done towards effecting any such gift.

The testator was the owner of the bond and mortgage in question and on the 30th of June, 1884, he requested one Charles J. Hill (one of the executors named in his will) to draw an assignment of the same to the plaintiff, and "said something about his intention to give Libby that." Hill took the bond and mortgage home with him and drew the assignment, and then returned all the papers to the testator who received them, but did not then execute the assignment. The testator was taken ill about August twentieth, and died after an illness of about nine days. On the second day of his illness the testator gave the said Charles J. Hill the said assignment, with other papers belonging to the testator, with directions to deposit said papers in the bank. The assignment was not acknowledged or recorded and there is no evidence showing that it was ever delivered to the plaintiff. The bond and mortgage went into the possession of the defendants after the death of the testator.

The above statement contains all the evidence upon the subject of what actually took place at the time of the drawing of the assignment, its return to testator and its re-delivery by him with other papers to Charles Hill, with directions to deposit them all in the bank.

The referee found also as follows: "At the time of the execution of the said assignment, the said Albert Hill intended to make a gift to or a settlement upon the plaintiff of the said bond and mortgage, and such intention was never changed or such assignment revoked."

As a conclusion of law the referee found that "by the execution of the assignment by the said Albert Hill and his retention of it in his possession, he constituted himself a trustee thereof for the benefit of the plaintiff, and could not divest himself or his representatives of that character without the knowledge or consent of the plantiff."

Judgment was, therefore, ordered for her.

*E. A. Washburn* for appellants.  There was no executed gift to the plaintiff of the bond and mortgage, which are the subjects of this action.  (*Young* v. *Young,* 80 N. Y. 422; *In re Crawford,* 113 id. 560.)  There is nowhere to be found in this case an express declaration of trust; nor facts or circumstances showing that a trust was intended to be created. (*Young* v. *Young,* 80 N. Y. 438; *Willis* v. *Smith,* 91 id. 267; *Beaver* v. *Beaver,* 117 id. 421; *In re Crawford,* 113 id. 560.)  The acts of the testator regarding this bond and mortgage were entirely voluntary and without consideration. (*Barry* v. *Tambert,* 98 N. Y. 300.)  The facts in this case all show that a gift of the property to the plaintiff was intended, if anything, and not a trust.  (*Young* v. *Young,* 80 N. Y. 438.)  It is submitted that the referee erred in admitting the testimony of Judge BANGS, one of the plaintiff's counsel, as to the declarations made to him by the deceased, the winter before his death.  (Code Civ. Pro. § 835; *Bacon* v. *Frisbie,* 80 N. Y. 394; *Meyers* v. *Dorman,* 34 Hun, 115, 120.)

*Myron H. Peck* for respondent.  By the act of Albert Hill in making and executing this assignment, he constituted it a valid settlement upon plaintiff and made her the beneficiary of the bond and mortgage and himself a trustee therefor.  (1 Perry on Trusts [3d ed.], §§ 89, 99, 103, 104, 105 ; *Van Cott* v. *Prentice,* 104  N. Y. 45 ; *Pooley* v. *Budd,* 34 Beav. 43 ; *Morgan* v. *Mallison,* 10 Eng. Law [Eq. Cas.], 475 ; *Bunn* v. *Winthrop,* 1 Johns. Ch. 329, 336 ; *Sonvubge* v. *Arden,* Id. 240 ; *Shrader* v. *Bronker,* 65 Barb. 608, 615 ; *Clavering* v. *Clavering,* 2 Vern. 473 ; *Boughton* v. *Boughton,* 1 Atk. 625 ; *Urann* v. *Coats,* 109 Mass. 581, 584 ; *Viney* v. *Abbott,* Id. 300, 302 ; *Jones* v. *Jones,* 6 Conn. 111, 115 ; *Ellison* v. *Ellison,* 6 Ves. 656, 662 ; *Kakewitch* v. *Manning,* 1 DeG., M. & G. 176, 190 ; *Martin* v. *Funk,* 75 N. Y. 134 ; *Hackney* v. *Vrooman,* 62 Barb. 650 ; *Hazwell* v. *Consen,* 4 J. & S. 459 ; *Mills* v. *Smith,* 91 N. Y. 297 ; *Bond* v. *Bunting,* 78 Penn. St. 210 ; *Bradderly* v. *Bradderly,* L. R. [9 Ch. Div.] 113.)  No particular form of words is requisite to create a trust.  The intent is what the court looks to.  (*Fisher* v. *Fields,* 10 Johns. 495, 505, 506 ; *Bray* v. *Lambert,* 98 N. Y. 300 ; *Schulter* v. *B. S. Bank,* 117 id. 125 ; *Chapman* v. *Porter,* 69 id. 276 ; *Fulton* v. *Fulton,* 48 Barb. 581 ; *Mabie* v. *Bailey,* 95 N. Y. 206 ; *Martin* v. *Funk,* 75 id. 134 ; *McPherson* v. *Rollins,* 107 id. 316 ; *Gerrist* v. *N. B. Inst.,* 128 Mass. 159 ; *Beaver* v. *Beaver,* 117 N. Y. 421 ; *Gilman* v. *McArdle,* 99 id. 451.)

PECKHAM, J.  Whether the plaintiff claims the bond and mortgage by virtue of an absolute gift to her from the testator, evidenced by the assignment, or whether she claims through the assignment as a declaration of trust, is somewhat difficult to determine from her complaint.  The referee has taken the latter position and has found that the testator constituted himself a trustee by reason of his execution and retention of the assignment.  We think there is no foundation in the evidence for the claim of an absolute gift.

There is no proof of a delivery or of any executed intention

to make a gift, and the papers themselves are found among those of the testator at the time of his decease. The case; upon the subject of what constitutes a valid gift have been examined in this court in *Beaver* v. *Beaver* (117 N. Y. 421; *S. C.*, decided Jan. 17, 1893, upon another appeal and not yet reported),* and it is unnecessary to again go over them.

We are also of the opinion that no trust was proved.

While it is true that no particular form of words is necessary to create a trust of this nature, and while it may be created by parole or in writing, and may be implied from the acts or words of the person creating it, yet it is also true that there must be evidence of such acts done or words used on the part of the creator of the alleged trust, that the intention to create it arises as a necessary inference therefrom and is unequivocal; the implication arising from the evidence must be that the person holds the property as trustee for another. The acts must be of that character which will admit of no other interpretation than that such legal rights as the settlor retains are held by him as trustee for the donee; the settlor must either transfer the property to a trustee or declare that he holds it himself in trust. An intention to give, evidenced by a writing, may be most satisfactorily established and yet the intended gift may fail because no delivery is proved. And where an intention to give absolutely is evidenced by a writing which fails because of its non-delivery, the court will not and cannot give effect to an intended absolute gift by construing it to be a declaration of trust and valid, therefore, without a delivery. These principles have been decided in this court and must be regarded as settled. (*Martin* v. *Funk*, 75 N. Y. 134; *Young* v. *Young*, 80 id. 423; *Matter of Crawford*, 113 id. 560; *Beaver* v. *Beaver*, *supra*.) It is true that in *Richardson* v. *Richardson* (L. R. 3 Eq. Cas. 686) Vice Chancellor W. Page Wood does say, in speaking of *Ex parte Pye* (18 Ves. 140), that the holding in that case amounted to a decision that an instrument executed as a present and complete assignment (not being a mere covenant to assign on a future day) is

*Ante,* page 59.

equivalent to a declaration of trust. The expression was unfavorably criticised by Jessel, M. R., in *Richards* v. *Delbridge* (L. R. 18 Eq. Cas. 11), while in *Baddeley* v. *Baddeley* (L. R. 9 Ch. Div. 113), Vice Chancellor Malins says he is not disposed to disagree with *Richardson* v. *Richardson*, notwithstanding the remarks of Sir George Jessel in *Richards* v. *Delbridge.*

In this court, however, and in the case already cited of *Young* v. *Young*, this doctrine is substantially repudiated. We are of opinion that no such rule obtains or ought to obtain in this state. An intended absolute gift by way of a written assignment, which cannot take effect because of the absence of delivery, ought not to be enforced as a declaration of trust when there is no such declaration and when there is no evidence of an intention to create a trust. (*Milroy* v. *Lord*, 4 D. F. & J. 274.)

Although it may be sometimes a question of intention on the part of the creator of the alleged trust whether in fact he did or did not create it, yet a finding of fact that he did so intend must be based upon some evidence thereof and there must be some evidence that such an intention was carried out. In this case we think there is no evidence upon which to found either proposition, even if all the circumstances proved and mentioned by counsel for respondent in his brief are considered.

The declaration of the testator some months before his death and while in conversation with his lawyer is evidence that the testator then had an intention to give absolutely to the plaintiff an amount of about $2,000, in addition to the provision already made for her by his will. It is evidence of nothing more. There is no claim that any paper was then signed or request made for the drawing of any paper for the testator to subsequently sign in order to carry out his intention. From that time to the day (June 30, 1884) when Charles Hill drew the absolute assignment to plaintiff of the bond and mortgage and delivered it unsigned to the testator, there is no proof of act done or word said upon the subject by the testator. When he asked Charles to draw the assignment he said

something about his intention to give Libby that, but Charles draws it and gives it and the bond and mortgage back to the testator, who does not then execute the assignment, but receives all the papers back, retains them and says nothing. There is no gift in this state of the case and no declaration of trust either by oral or written communications or by acts ; on the contrary there is an entire absence of all three possible modes of creating or declaring a trust. The assignment is as yet not even signed. Things remain in this condition until the second day of testator's illness (about 20th or 21st of August), when he gives to Charles the assignment with other papers belonging to the testator (the assignment then having been signed by the testator) with directions to deposit the papers in the bank. The assignment was not acknowledged or recorded. There was no direction to Charles to take the assignment as a delivery in favor of the plaintiff, no direction to deliver it to her, but he is directed to deposit the papers in the bank, and he does so. There were other papers than the assignment and the direction as to deposit includes them all. There is no declaration of a trust and there is no act of the testator which is not entirely consistent with an intention to retain possession of the papers until something shall happen which shall cause different action on his part. More than that, the legal result of this request made by the testator to deposit the papers in the bank, and their deposit accordingly, is that a deposit under such circumstances makes the bank the agent of the testator and its possession of the papers is his possession.

The purpose of the deposit in the bank, it is said, is left to inference only. No inference can be drawn that would in any way authorize or warrant a finding that the testator delivered the papers to Charles Hill for the purpose of having the assignment then take effect as a gift by delivery to him as plaintiff's agent, nor could an inference be properly drawn from all the circumstances that it was delivered to him as a trustee for the plaintiff or as a declaration of trust in her favor. The acts must be such as will admit of no other interpretation than that the testator retained no legal rights over the paper

and upon the question as to the creation of a trust, the inference arising from the acts must be plain, that either the testator constituted Charles the trustee of the plaintiff, or else that the testator held the paper himself as trustee for her. The evidence is far from establishing that kind of act on the testator's part, and as has been seen the assignment itself is not a declaration of trust.

The finding of the referee that at the time of the making of the assignment the testator intended to make a gift to or a settlement upon the plaintiff of the bond and mortgage, and that such intention was never changed nor such assignment revoked, is not material. He may have had one or the other of such intentions, but the evidence is that he fully executed neither. They are antagonistic and inconsistent intentions and he could not have had both at the same time, and the referee does not find which he did have. The testator upon this proof carried neither intention into effect.

It may be assumed that Charles Hill knew that the testator intended to make a gift of the bond and mortgage to the plaintiff, for he drew the absolute assignment at the request of the testator and delivered it to him, and the testator kept it for a month thereafter in his own possession and only parted with it to be deposited in the bank. When thus deposited it was subject to his own order as the legal owner thereof.

The only confidential relationship occupied by Charles Hill when he took the papers, including the assignment, was that which obliged him to carry out the explicit directions of the testator and deposit all the papers in the bank as directed. This he did.

To assume a relationship of trustee on the part of testator or by Charles Hill towards the plaintiff, based upon such facts, is to draw an inference which is not supported by the evidence.

The judgment of the General Term and that entered upon the report of the referee must therefore be reversed and a new trial granted, with costs to abide the event.·

All concur.

Judgment reversed.