(28 App. Div. 272.)

## STARBUCK v. FARMERS' LOAN & TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. April 15, 1898.)

1. DECLARATION OF TRUST—PRESUMPTION AS TO DELIVERY.
    In an action based on an alleged declaration of trust, the instrument was produced from the possession of the beneficiary, and it was in evidence that he claimed a beneficial interest in certain property thereunder, and was its proper custodian. *Held*, that delivery thereof by the maker should be presumed.

2. SAME—TRIAL—EXCLUSION OF EVIDENCE.
    Decedent, in his lifetime, for whom a vessel was being constructed, delivered to plaintiff, his brother, a letter stating that, "in conformity with our verbal understanding, * * * I agree to carry for your a/c one-eighth interest in" said vessel, "at the rate of 6 per cent. per annum, the said one-eighth interest to be transferred to you when paid for." At the trial of an action against the executors for an accounting and transfer of the one-eighth interest, there was evidence that decedent had said he was going to build the ship, and "going to put an eighth down for" plaintiff. Further evidence was offered, and excluded, of a subsequent declaration by decedent that plaintiff owned an eighth of the vessel. *Held* that, while the writing itself might not constitute a valid declaration of trust, yet if, taken in connection with the excluded evidence, it would suffice, the exclusion was error.

3. TRUST—PROPERTY SUBJECT TO.
    A ship in process of construction is sufficiently in being to make it possible to declare a valid trust in an undivided share thereof.

    Ingraham, J., dissenting.

Appeal from special term.

Action by Sidney Starbuck against the Farmers' Loan & Trust Company and others. From a judgment entered at special term dismissing the complaint, plaintiff appeals. Reversed.

William H. Starbuck, deceased, was in his lifetime a shipowner, and the plaintiff, his brother, was employed in his office. W. H. Starbuck contracted with a firm of shipbuilders to build a vessel, to be called the "Tillie E. Starbuck." While the vessel was in course of construction, he expressed his intention to give one-eighth of it to the plaintiff, which was evidenced by a writing as follows:

"New York, Dec. 17, 1882.

"Mr. Sidney Starbuck, 17 Broad St., New York—Dear Sir: In conformity with our verbal understanding, this is to certify that I agree to carry for your a/c one-eighth interest in the new iron sailing ship, to be called 'The Tillie E. Starbuck,' now in course of construction at the yards of Messrs. John Roach & Son, Chester, Penna., at the rate of six per cent. per annum, the said one-eighth interest to be transferred to you when paid for, either from the earnings of said ship, or otherwise.

"Yours, very truly, W. H. Starbuck."

W. H. Starbuck died in 1896, and the claim was made upon the executors by the plaintiff that they should account for the earnings of the ship, and transfer one-eighth to him. Upon the trial, a witness for the plaintiff testified that W. H. Starbuck said "he was going to build the Tillie E. Starbuck for Sidney. He was going to put an eighth down for Sidney Starbuck and myself, an eighth each; and when the ship paid for it, with interest and insurance, it would be ours." In addition, the plaintiff's counsel offered to prove by a witness "that W. H. Starbuck, after the making of this declaration of trust, was talking with one connected with the yard at Chester, Pa., and said that one Captain Baker wanted to buy an interest in the ship Henry Villard, which he owned, and he, Starbuck, said that he had never allowed anyone to own an interest in any of his ships, except his brother Sidney owned an eighth of the Tillie E. Starbuck." The defendant's counsel objected to the evidence as immaterial and irrelevant to the issue. The court sustained the objection, to which the plaintiff's counsel duly excepted. Thereupon the defendants' counsel moved to dismiss the complaint, which motion was granted; and from the judgment entered upon such dismissal this appeal is taken.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Esek Cowen, for appellant.
David McClure, for respondents.

O'BRIEN, J. The appellant insists that the writing made by the defendants' testator was a complete and valid declaration of trust in favor of the plaintiff, his brother, and at once vested in the plaintiff the equitable title to one-eighth of the ship Tillie E. Starbuck, and to one-eighth of her earnings. The respondents claim that the proofs fail to establish either an explicit declaration of a trust, or that there was an intention beyond a reasonable doubt to create a trust, or that any delivery of possession of the corpus of the trust was made.

In Wadd v. Hazelton, 137 N. Y. 219, 33 N. E. 143, it is said:

"While it is true that no particular form of words is necessary to create a trust of this nature, and while it may be created by parol or in writing, and may be implied from the acts or words of the person creating it, yet it is also true that there must be evidence of such acts done or words used on the part of the creator of the alleged trust that the intention to create it arises as a necessary inference therefrom, and is unequivocal. The implication arising from the evidence must be that the person holds the property as trustee for another. The acts must be of that character which will admit of no other interpretation than that such legal rights as the settlor retains are held by him as trustee for the donee. The settlor must either transfer the property to a trustee, or declare that he holds it himself in trust. An intention to give, evidenced by a writing, may be most satisfactorily established, and yet the intended gift may fail because no delivery is proved. And, where an intention to give absolutely is evidenced by a writing which fails because of its nondelivery, the court will not and cannot give effect to an intended absolute gift by construing it to be a declaration of trust, and valid, therefore, without a delivery. * * * Although it may be sometimes a question of intention on the part of the creator of the alleged trust whether in fact he did or did not create it, yet a finding of fact that he did so intend must be based upon some evidence thereof, and there must be some evidence that such an intention was carried out."

The most important thing to determine, therefore, in this class of cases, is the intention of the person who makes the writing; and, as aids in that direction, we may consider the conditions surrounding its making, the nature of the gift, and the disposition of the writing when made. The writing here starts out with the statement that it was given in conformity with a verbal understanding, and was made, to

use the language of the testator, "to certify that I agree to carry for your a/c one-eighth interest in the * * * ship to be called the 'Tillie E. Starbuck,' now in course of construction, * * * the said one-eighth to be transferred to you when paid for, either from the earnings of said ship or otherwise." That it was not a sale either complete or executory, the counsel agree. It was not an executed sale, for the legal title was not to pass until the plaintiff's interest was paid for. It was not an executory sale, for that implies a mutual promise, and there was no obligation on the plaintiff to buy, nor was there any consideration for an agreement to sell. The respondents contend that it was a conditional contract of sale, without any consideration other than the conditions, which were conditions precedent, and have never been fulfilled, and that the transaction, at best, was a mere option on conditions never performed. To make out a cause of action, therefore, the plaintiff was bound to establish a valid trust. If the written declaration stood alone, we do not think it would be sufficient for that purpose, as it would be susceptible of the construction either that it was a mere option or an imperfect gift; and in Govin v. De Miranda, 79 Hun, 286, 29 N. Y. Supp. 345, it was held that equity will not perfect a defective gift made without consideration, and that, as to gifts inter vivos, delivery is essential. On a former appeal of the same case (76 Hun, 414, 27 N. Y. Supp. 1049) it was held that the mere signing and acknowledgment of a declaration of trust, without placing the evidence therein in the custody of another, is insufficient to create a trust. That element, however, has been to some extent supplied in this case, as the declaration was produced at the trial from the possession of the beneficiary, and it was in evidence that he claimed a beneficial interest in certain property thereunder, and was its proper custodian; and, under such circumstances, delivery from the maker will be presumed. Ward v. Lewis, 4 Pick. 518; Chandler v. Temple, 4 Cush. 285. In that respect it differs from either of the above decisions in Govin v. De Miranda. From the nature of the interest claimed, namely, an undivided share in a ship, the corpus was not susceptible of actual delivery; but we think that at the time the writing was given, assuming the fact therein stated to be true,—that the vessel was then in course of construction,—it was sufficiently in being to make it the subject either of a transfer, in whole or in part, equitable or legal, or as to which a valid declaration of trust could have been made. Although, as stated, we must assume that the writing was delivered because produced by the plaintiff, we should not be inclined, if it stood alone, to regard it as a valid declaration of trust. But if, in addition to the writing, we take the subsequent declaration of the testator that the plaintiff owned a one-eighth interest in the vessel, which declaration the plaintiff offered to prove, but which was excluded under objection, then we think that the principles enunciated in another of the many cases growing out of the litigations between Govin and De Miranda, reported in 140 N. Y. 474, 35 N. E. 626, would be controlling. In that case, upon the death of the testator, there was found in his safe a sealed envelope, indorsed, "A Declaration in Favor" of the plaintiffs, whose names were given. In the envelope was a paper signed and acknowledged by P., stating, among other things, that there was

in said safe a parcel containing $25,000 in bonds of a certain railroad company, of which $10,000 belonged to a person named, and the balance to the plaintiffs. The paper closed with this statement: "No person shall have the right to oppose this declaration, because it is founded on conscience and justice. I reserve this only for what I may consider proper." It was therein held that it was to be inferred from the language of the paper, in the absence of any evidence explaining or contradicting it, that the plaintiffs were the owners of the bonds claimed; that the declaration to that effect was not qualified by the closing clause; but that it simply intended that the said bonds were in the possession of P., under some agency or possibly a trust, he having authority to convey them, and apply the proceeds consistently with the plaintiffs' ownership. The fact that in that case the declaration of ownership was in writing, while here it was by parol, would make no difference, because, the property here in question being personal property, the declaration would be equally effective, whether vesting in writing or in parol.

No point was made below that the plaintiff offered to prove the declaration, instead of calling the witness; the defendants' objection being not to the form of the offer, but upon the ground that the evidence was immaterial and irrelevant. We must assume, therefore, that if objection had been taken to making the offer, instead of examining the witness for the purpose of proving the declaration, this could have been obviated. The respondents, therefore, are not in a position to take advantage of that point upon appeal. Assuming the testimony offered as having been given, a summary of the evidence would tend to prove that the testator had a verbal understanding with his brother, the plaintiff, by which he had agreed to carry for him a one-eighth interest in a vessel to be built, which was designated, and that thereafter he put in writing this verbal understanding while the vessel was in course of construction; and when it was completed, and after it had presumably been earning, he declared that the plaintiff owned a one-eighth interest in that vessel. This, in the absence of evidence to the contrary, would have justified the court in according to him the relief which he asked, namely, an accounting for his interest in the vessel, to the end that it might be determined whether the earnings of the vessel had realized sufficient to entitle the plaintiff to his one-eighth interest which he could then recover in addition to any excess of earnings.

We think, therefore, that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and PATTERSON and McLAUGHLIN, JJ., concur.

INGRAHAM, J. (dissenting). The action is brought to enforce a trust which the complaint alleges was as follows: That, while a vessel named the Tillie E. Starbuck was in process of construction, "said William H. Starbuck did, on or about the 17th day of December, 1882, in substance and effect, agree and declare that he would and did hold in trust for the plaintiff a one-eighth share of

said vessel; that he would advance and pay, for account of plaintiff, one-eighth the cost of construction of said vessel, and of the expenses of, and losses of, and charges against, said vessel and owners, and carry the same, and said one-eighth share of said vessel, for account of plaintiff until such time as such cost, expenses, losses, and charges, with six per cent. interest thereon, should be repaid to him, out of the earnings of said vessel or otherwise, and would thereupon transfer said one-eighth share of said vessel to plaintiff." To prove this trust, a letter was offered in evidence by the plaintiff, signed by William H. Starbuck, the defendants' testator, which is as follows:

"In conformity with our verbal understanding, this is to certify that I agree to carry for your a/c one-eighth interest in the new iron sailing ship, to be called 'The Tillie E. Starbuck,' now in course of construction at the yards of Messrs. John Roach & Son, Chester, Penna., at the rate of six per cent. per annum, the said one-eighth interest to be transferred to you when paid for, either from the earnings of said ship or otherwise."

This was objected to upon the ground that its delivery had not been proved, and that it had not been shown that it ever passed from W. H. Starbuck to anybody. That objection was overruled, and the letter was admitted in evidence. There was also evidence that the defendants' testator made a declaration to a witness that he (the defendants' testator) "said he was going to build the Tillie E. Starbuck for Sidney. He was going to put an eighth down for Sidney Starbuck and myself, an eighth each, and when the ship paid for it, with interest and insurance, it would be ours." The plaintiff also offered to prove by one Bailey that, at some time not named, the defendants' testator said that one Capt. Baker wanted to buy an interest in a ship owned by Starbuck, but that he (Starbuck) said that he never allowed any one to own an interest in his ships, except that his brother Sidney owned an eighth in the Tillie E. Starbuck. There was no other evidence to sustain the allegation of the complaint that the defendants' testator held this ship, or any portion of her, as trustee for the plaintiff, and I think this testimony was entirely insufficient to prove such a trust. I think the testimony as to what Starbuck said to Bailey was incompetent. It was simply a declaration that the plaintiff owned an interest in a ship, not that Starbuck was the plaintiff's trustee, or that any declaration of trust had been made.

The right of the plaintiff to recover must depend upon this letter which was introduced in evidence. That, in form, is a mere agreement to carry for plaintiff's account an eighth interest in a sailing ship then in course of construction. It is entirely without consideration. It is unilateral, there being no obligation on the part of the plaintiff to pay for it. There is no proof that it was ever delivered to the plaintiff, or that it was ever in the plaintiff's possession. The plaintiff's counsel offered this paper in evidence upon the trial, but it appeared in evidence that the plaintiff had been in the employ of the defendants' testator; and there was no evidence, however slight, of the fact that this paper had been in possession of the plaintiff prior to the death of the defendants'

testator. It is not contended that this is a formal transfer of an eighth interest in the ship. The form of the letter expressly negatives such a construction. It is purely an executory agreement, whereby Starbuck agrees to carry for the plaintiff's account an eighth interest in the ship, and to transfer such eighth interest to plaintiff when paid for, either from the earnings of the ship or otherwise. An agreement without consideration, purely executory in character, to transfer an interest in a ship to a person when that interest should be paid for, and without any corresponding obligation on behalf of the person with whom the agreement is made to pay for the ship or to perform any service for it, cannot be enforced. It lacks every element essential to constitute a valid declaration of trust. It does not speak of a completed transaction. It does not certify that the writer at the time held this property for the plaintiff in trust, or that at that time the plaintiff had any interest, either as owner or otherwise, in the ship; but, upon its face, it agreed to carry an interest in the ship for the plaintiff, and to transfer such interest to the plaintiff when paid for, without any corresponding obligation on the part of the plaintiff to pay for it or to do anything about it.

What was said in Wadd v. Hazelton, 137 N. Y. 219, 33 N. E. 143, seems to me to be entirely in point:

"The implication arising from the evidence must be that the person holds the property as trustee for another. The acts must be of that character which will admit of no other interpretation than that such legal rights as the settlor retains are held by him as trustee for the donee. The settlor must either transfer the property to a trustee, or declare that he holds it himself in trust. An intention to give, evidenced by a writing, may be most satisfactorily established, and yet the intended gift may fail because no delivery is proved. And, where an intention to give absolutely is evidenced by a writing which fails because of its nondelivery, the court will and cannot give effect to an intended absolute gift by construing it to be a declaration of trust, and valid, therefore, without a delivery."

At most, here is an agreement to transfer an interest in this ship in the future, made without consideration, where no delivery either of the ship or of the agreement was proved, simply declaring an intention on behalf of the defendants' testator to at some future time transfer an interest in this ship to the plaintiff. It seems to me that such a contract is one without consideration, and incapable of enforcement, and fails as a declaration of trust in the essential particular that no trust is created, that no present transfer of the ownership of the ship from the defendants' testator as owner, to himself as trustee, is contemplated or declared, and no statement is made that would affect the title of the ship, except an executory promise to carry and convey at a future time.

I think, therefore, that the judgment was clearly right, and should be affirmed, with costs.