In the Matter of the Appraisal under the Taxable Transfer Act of the Property of Timothy B. Blackstone, Deceased.

The Comptroller of the City of New York, Appellant; Isabella F. Blackstone, Individually and as Executrix, etc., of Timothy B. Blackstone, Deceased, Respondent.

*Transfer tax — a deposit in New York of money of a resident of Illinois is subject to tax — appeal by the comptroller of New York city.*

Money deposited with a trust company organized under the laws of the State of New York to the credit of a resident of the State of Illinois, representing the proceeds of the sale of a number of shares of stock of a corporation organized under the laws of the State of Illinois, owned by such resident of Illinois, is subject, upon his death, to a transfer tax under the laws of the State of New York.

The balance of a deposit account, kept by such resident of Illinois at the time of his death with a firm of bankers in the city of New York, is also subject to the tax.

The comptroller of the city of New York has authority to prosecute an appeal from an adverse decision of the surrogate, rendered in a transfer tax proceeding instituted by such comptroller, although the powers and duties in respect thereto have devolved upon the Comptroller of the State of New York.

Appeal by the comptroller of the city of New York from an order of the Surrogate's Court of New York county, entered in said Surrogate's Court on the 26th day of July, 1901, declaring the transfer of certain property of the decedent exempt from taxation.

*Thomas Penney*, for the appellant.

*Edward W. Sheldon*, for the respondent.

Hatch, J.:

Timothy B. Blackstone, whose estate is sought to be taxed under the Transfer Tax Law (Laws of 1896, chap. 908, art. 10, as amended) in this proceeding, was a resident of the city of Chicago in the State of Illinois, and died in said city on the 26th day of May, 1900, leaving a last will and testament. For thirty-four years prior to March, 1899, he had been the president of the Chicago and Alton Railroad Company, a corporation formed under the laws of the State of Illinois. On the 28th day of March, 1899, the decedent, having concluded to sell his hold-

ings of stock in said corporation, forwarded the the same to United States Trust Company, a corporation organized under the laws of the State of New York. Twenty-six thousand five hundred and thirty-seven shares of said stock were sold, pursuant to an agreement entered into before the delivery of the stock to the trust company, which sale produced a large sum of money. Four million three hundred and eighty-one thousand six hundred dollars and twenty-one cents of the proceeds of such sale was by arrangement with the trust company placed in its hands and credited to the deceased, the agreement with the trust company in reference thereto being that the trust company should hold the same subject to the order of the decedent, pay interest thereon at the rate of two and one-half per cent per annum, and repay the principal upon demand, providing, however, that notice of not less than two days should be given to said trust company before any portion of such money exceeding in amount the sum of $100,000 should be demanded. On the date of the death of the decedent there was due to him from the trust company of such moneys, principal and interest, $4,843,456.72. There was also due to the decedent from Cuyler, Morgan & Co., bankers of the city of New York, $10,692.24, being the balance of a deposit account kept with said firm. The will of the deceased was duly admitted to probate in Cook county in the State of Illinois. By its terms various specific bequests were made, in the sum of $800,000, to collateral relatives and to persons not related to the testator, and also to certain benevolent, charitable and educational institutions located without the State of New York. The residue of his estate he gave to his widow, Isabella F. Blackstone.

On the 10th day of November, 1900, an application was duly made by the comptroller of the city of New York, upon a petition duly verified, setting forth the jurisdictional facts as required by the Transfer Tax Law, to the surrogate of the county of New York for the designation of an appraiser to fix the market value of this property of the deceased within this jurisdiction which was subject to the payment of the tax under the Transfer Tax Law of this State. The surrogate acted thereon and appointed an appraiser, as required by the act, and such proceedings were thereafter had as resulted in a determination by the appraiser that the two sums of

money deposited with the United States Trust Company and with Cuyler, Morgan & Co., amounting in the aggregate to $4,553,809.58, were subject to the payment of the tax as prescribed by the act. From the determination of the appraiser an appeal was taken by the executor of the estate to the surrogate, who reversed the determination of the appraiser, holding that the said sums of money were not subject to any transfer tax under the laws of the State of New York, but were exempt therefrom. An appeal from the order of the surrogate brings the matter into this court.

Every question presented by this appeal has been settled by decisive authority. The facts as presented in *Matter of Houdayer* (150 N. Y. 37) involve, in principle, every question presented by the facts in this case, and arose under substantially the same circumstances. The deposits were held to be money for all practical purposes, owned by the decedent at the time of his death, and as such taxable under the Transfer Tax Act of the State. Other authorities support this view. (*Matter of Estate of Romaine*, 127 N. Y. 80; *Matter of Whiting*, 150 id. 27; *Matter of Bronson*, Id. 1.)

It is urged that the comptroller is without authority to prosecute this appeal. Such question was settled adversely to the contention of the respondent upon the motion to dismiss the appeal in this case, where it was held that as the comptroller of the city of New York was authorized to institute the proceeding, he had authority to prosecute the appeal from the decision of the surrogate, although the powers and duties in respect thereto had devolved upon the Comptroller of the State. Such condition would authorize a substitution of the Comptroller of the State, but until such substitution is had the proceeding was properly prosecuted by the officer instituting it.

These are the only questions presented upon this appeal. It follows, therefore, that the order of the surrogate should be reversed, and the report of the appraiser confirmed, with ten dollars costs and disbursements to the appellant.

VAN BRUNT, P. J., O'BRIEN and INGRAHAM, JJ., concurred.

Order reversed and report of appraiser confirmed, with ten dollars costs and disbursements to appellant.