### SLEE v. KINGS COUNTY SAV. INST. et al.

(Supreme Court, Appellate Division, Second Department.   January 9, 1903.)

1. HUSBAND AND WIFE—BANK DEPOSIT—EXECUTED GIFT—EVIDENCE—SUFFICIENCY.

Money belonging to a husband was deposited in a bank, and the bank book placed in a box, a key to which was given to the wife to enable her to pay bills. Later she took the box and the bank book, and refused to return them to the husband on his demand. The husband signed a written statement promising to lay no claim to the money, and asserting that it belonged to the wife, but never delivered it, though she found it, took it, and refused to return it. *Held* not sufficient to show an executed gift.

Appeal from special term, Kings county.

Action by Henry C. Slee against the Kings County Savings Institution and others. From a judgment for plaintiff, defendant Katharine Slee appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

W. D. Farrington, for appellant.
Henry A. Powell, for respondents.

HIRSCHBERG, J. This action is brought to recover a sum of money deposited with the defendant the Kings County Savings Institution, and claimed by both the plaintiff, Henry C. Slee, and his wife, the defendant Katharine Slee, the appellant. The evidence clearly establishes that the money on deposit originally belonged to the plaintiff, and that it was deposited in their joint names. They signed an agreement at the time the account was opened, a copy of which is printed in the bankbook, but does not appear in the record of the case on appeal. The appellant claims that "the names of the parties were joined as owners of the account 'either to draw' "; and the evidence given by the respondent, the plaintiff, is in harmony

¶ 1. See Husband and Wife, vol. 26, Cent. Dig. §§ 251, 254.

with such claim. The plaintiff denied that he intended to give the money to his wife, and the learned trial court has found that the fund was at the time of the deposit, and still is, the sole property of the plaintiff. It cannot be said that this finding is without sufficient support in the evidence to require its approval by an appellate court.

The contention of the appellant is that there was an executed gift, but the proof fails to establish a delivery. The bankbook was placed by the plaintiff in a tin box, of which he for a time kept the two keys, but finally gave one of them to his wife, in order to enable her to pay bills. She took the box and the bankbook, and refused to return them to him on his demand. They both testify to this. He also made out and signed a written statement in which he promised that he would lay no claim to the money, and asserted that it belonged exclusively to her, but he never delivered the statement to her. She found it on his desk, and took it, and refused to return it to him on his demand. They both testify to this. There is accordingly no dispute about the controlling facts, and they do not justify the claim on the appellant's part of a consummated gift. The deposit for the purpose alleged by the plaintiff, with the retention by him of the custody of the bankbook, did not operate to transfer title to the money, and the subsequent taking of the bankbook by the appellant could not accomplish such a transfer. Young v. Young, 80 N. Y. 422, 36 Am. Rep. 634; In re Bolin, 136 N. Y. 177, 32 N. E. 626. Nor did the preparation and execution of the document signed by the plaintiff effect an assignment or a gift of the fund, in the absence of its delivery, however clearly it may establish the existence of an intention on the plaintiff's part at the time to make such a gift or assignment. Wadd v. Hazleton, 137 N. Y. 215, 33 N. E. 143, 21 L. R. A. 693, 33 Am. St. Rep. 707. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.