Henry C. Slee, Respondent, *v.* The Kings County Savings Institution, Defendant, Impleaded with Katharine Slee, Appellant.

*Savings bank deposit in the names of a husband and wife, "either to draw" — when the wife does not obtain any title to the money — effect of an undelivered written statement by the husband that it belonged to the wife.*

Where a husband deposits moneys belonging to him individually in a savings bank in the joint names of himself and his wife, "either to draw," without intending to give the money to his wife, and retains the bank book in his custody, the wife acquires no title to the moneys so deposited, even though she subsequently secures possession of the bank book without her husband's consent.

A written statement, signed by the husband, in which he promised that he would make no claim to the deposit and asserted that it belonged exclusively to his wife, will not effect an assignment or a gift of the fund, where it appears that the written statement was not delivered to the wife, but that she took it from the husband's desk without his consent.

Appeal by the defendant, Katharine Slee, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 30th day of November, 1901, upon the decision of the court rendered after a trial at the Kings County Special Term.

*William D. Farrington,* for the appellant.

*Henry A. Powell* and *John A. Holzapfel,* for the respondent.

HIRSCHBERG, J.:

This action is brought to recover a sum of money deposited with the defendant the Kings County Savings Institution, and claimed by both the plaintiff, Henry C. Slee, and by his wife, the defendant Katharine Slee, the appellant. The evidence clearly establishes that the money on deposit originally belonged to the plaintiff, and that it was deposited in their joint names. They signed an agreement at the time the account was opened, a copy of which is printed in the bank book, but does not appear in the record of the case on appeal. The appellant claims that " the names of the parties were joined as owners of the account, 'either to draw,' " and the evidence given by the respondent, the plaintiff, is in harmony with such claim. The plaintiff denied that he intended to give the money to his wife, and the learned trial court has found that the fund was at the time of the deposit, and still is, the sole property of the plaintiff. It cannot be said that this finding is without sufficient support in the evidence to require its approval by an appellate court.

The contention of the appellant is that there was an executed gift, but the proof fails to establish a delivery. The bank book was placed by the plaintiff in a tin box, of which he for a time kept the two keys, but finally gave one of them to his wife in order to enable her to pay bills. She took the box and the bank book and refused to return them to him on his demand. They both testify to this. He also made out and signed a written statement in which he promised that he would lay no claim to the money, and asserted that it belonged exclusively to her, but he never delivered the statement to her. She found it on his desk and took it and refused to return it to him on his demand. They both testify to this. There is accordingly no dispute about the controlling facts, and they do not justify the claim on the appellant's part of a consummated gift. The deposit for the purpose alleged by the plaintiff, with the retention by him of the custody of the bank book, did not operate to transfer title to the money, and the subsequent taking of the bank book by the appellant could not accomplish such a transfer. (*Young* v. *Young*, 80 N. Y. 422; *Matter of Bolin*, 136 id. 177.) Nor did the preparation and execution of the document signed by the plaintiff effect an assignment or a gift of the fund, in the

absence of its delivery, however clearly it may establish the existence of an intention on the plaintiff's part at the time to make such a gift or assignment. ( *Wadd* v. *Hazelton*, 137 N. Y. 215.)

The judgment should be affirmed.

GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred.

Judgment affirmed, with costs.