curred from fraud or gross negligence of the company or its agents; and that the holder thereof should not, in any event, demand beyond the sum of fifty dollars, fixed as the value of the article to be carried, unless otherwise expressed. A party accepting such an instrument, as has already been shown, declares his assent, by such acceptance, to those terms and conditions. They thereby become obligatory on both parties, and prescribe their mutual rights and obligations."

It therefore appears that there has been a direct adjudication by the Court of Appeals upon the precise form of receipt which is now before the court, in a case against the same company, where the loss was due to an unexplained cause. To the same effect is Toy v. Long. Island R. Co., 26 Misc. Rep. 792, 56 N. Y. Supp. 182, and the doctrine of the Belger Case has been approved in Steers v. Steamship Company, 57 N. Y. 1, 15 Am. Rep. 453; Magnin v. Dinsmore, 62 N. Y. 35, 20 Am. Rep. 442; Magnin v. Dinsmore, 70 N. Y. 410, 26 Am. Rep. 608. Indeed, in every reported case where this identical form of contract has been considered, it has been sustained as effective to limit the liability of the company to the agreed valuation. In the recent case of Rowan v. Wells, Fargo & Co., 80 App. Div. 31, 80 N. Y. Supp. 226, it was even held that where the receipt issued by an express company provides that it shall not be liable "for an amount exceeding $50 on any shipment unless its true value is herein stated," and the value of the package was not given by the shipper, and, if it had been, an additional charge would have been made for its transportation, and special care would have been exercised for its safekeeping, the express company is not liable in excess of $50, unless the shipper proves some affirmative act of wrongdoing on its part, and that proof of mere ordinary neglect is not sufficient." Magnin v. Dinsmore, 70 N. Y. 410, 26 Am. Rep. 608, as already shown, laid down the same rule; and so did Ghormley v. Dinsmore, 53 N. Y. Super. Ct. 36.

All the material facts in the case at bar having been agreed upon, the judgment appealed from should, for the reasons above stated, be modified by reducing the amount to $50, and, as so modified, affirmed, with costs of the appeal to the defendant; an offer of judgment for that amount having been duly filed.

Judgment modified by reducing amount to $50, and, as so modified, affirmed, with costs, to defendant. All concur.

---

(84 App. Div. 510.)

## In re GIBBES' ESTATE.

(Supreme Court, Appellate Division, First Department. June 19, 1903.)

1. DESCENT AND DISTRIBUTION—LEGACY TAX.

Laws 1885, p. 820, c. 483, § 1, provides that all property which shall pass by will from any person who may die seised of the same a resident of the state, or which property shall be within this state, shall be subject to a tax. Laws 1887, p. 921, c. 713, amended the act by adding, "or if such decedent was not a resident of this state at the time of his death." Held, that bonds of foreign corporations, left on deposit with a bank in New York at the time of a nonresident testator's death, and transferred by his will, are not property left within the state and subject to the payment of the collateral inheritance tax.

Patterson and O'Brien, JJ., dissenting.

Appeal from Order of Surrogate, New York County.

In the matter of the transfer tax on the estate of James S. Gibbes, deceased. From an order by the Surrogate (83 N. Y. Supp. 56) affirming an order of the Surrogate confirming the report of an appraiser appointed to appraise the property, transferred by the will of decedent, subject to the collateral inheritance tax, so-called, the Farmers' Loan & Trust Company, as trustee under the last will and testament of said James S. Gibbes, deceased, and Charles H. Simonton and another, as trustees, of the city of Charleston, S. C., appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

James F. Horan, for appellant Farmers' Loan & Trust Co.
Richard Reid Rogers, for other appellants.
H. B. Wesselman, for State Comptroller.

LAUGHLIN, J. The testator was a resident of Charleston, S. C., and he died on the 26th day of April, 1888, leaving an estate of over $700,000, of which $300,000 was invested in bonds of corporations foreign to the state of New York, which were on deposit at the time of his death with the Bank of New York, in the city of New York. He left a last will and testament, which was admitted to probate in South Carolina. The testator devised his property in trust, with life estates to his two sons and grandchild, and remainders to their respective issue, or, in the event of the death of all lineal descendants, to certain individuals and corporations. On the 18th day of May, 1899, the testator's son James, his last surviving descendant, died, and the remainders vested in the individuals and corporations as provided for in the will in that contingency, except the part as to which the testator died intestate, as held by this court in Farmers' Loan & Trust Company v. Ferris, 67 App. Div. 2, 73 N. Y. Supp. 475, they all being nonresidents of the state of New York, and none exempt from the collateral inheritance tax, provided the property is subject to the provisions of that law. The heirs and next of kin of the testator were all nonresidents of this state, and likewise not exempt from the collateral inheritance tax, provided it would be otherwise applicable. This property having been left in trust and it being uncertain whether it was transferred to persons or corporations liable for the collateral inheritance tax, its appraisal was postponed until the happening of the contingency which resolved the uncertainty. The sole question presented by the appeal is whether these bonds of foreign corporations left on deposit with the bank in this state at the time of the testator's death, he being a nonresident, and transferred by his will or by statutes of distribution to nonresidents, are taxable under the provisions of the collateral inheritance tax law, so-called.

It is conceded that the question depends upon the construction of the provisions of chapter 483, p. 820, of the Laws of 1885, as amended by chapter 713, p. 921, of the Laws of 1887. The act of 1885 has been construed by the Court of Appeals on this precise point, and it was held that such bonds were not taxable thereunder. Matter of Enston, 113 N. Y. 174, 21 N. E. 87, 3 L. R. A. 464. In the opinion delivered in that case, concurred in by the court, Judge Andrews

said, "The bonds of foreign corporations in the hands of the agent of the decedent here were not, in a legal sense, property within this state, and they were not, under the general laws or the policy of the state, taxable here." The question is thus narrowed to a consideration of whether, by the amendments made in 1887, the general law or policy of the state was so changed as to render such bonds taxable. The first section of the amendatory act amends section 1 of the original act so as to read, so far as material, as follows:

"After the passage of this act all property which was passed by will * * * from any person who may die seized or possessed of the same while a resident of this state, or, *if such decedent was not a resident of this state at the time of his death,* which property or any part thereof shall be within this state * * * shall be and is subject to a tax of five dollars on every hundred dollars of the clear market value of such property."

The only material change applicable to the question under consideration is shown in italics, and our attention is drawn to no other provision of the amendatory act having a material bearing upon the question, and we find none. The purpose and effect of the amendment, so far as material upon this appeal, was to subject to taxation property within this state of a nonresident decedent, whether he died testate or intestate, it having been declared by the Court of Appeals, in Matter of Enston, supra, that such property was not taxable under the original act. Matter of Estate of Romaine, 127 N. Y. 80, 27 N. E. 759, 12 L. R. A. 401. In Matter of Romaine's Estate, supra, it was held that the personal property of a nonresident testator, deposited or habitually kept within this state, was subject to the collateral inheritance tax. It appears in the statement of facts in that case that this property consisted, among other things, of stocks and bonds of different corporations, but it is expressly stated that it did not appear "whether such stocks and bonds were issued by foreign or domestic corporations." In the discussion in the opinion no mention of corporate stock or bonds is made. There is no more reason for concluding that the Court of Appeals intended in that case to hold that the bonds of a foreign corporation left here by a nonresident testator are taxable, than that the stock of a foreign corporation left here by such testator is taxable, and it has been held, under this amendatory act of 1887, that such stock of a foreign corporation is "not property in the legal sense," and is not taxable here. Matter of James, 144 N. Y. 6, 38 N. E. 961. It has also been held, under the amendatory act of 1892 (chapter 399, p. 814, Laws 1892), which is much broader, that the stock of a domestic corporation, owned by a nonresident and not within this state at the time of his death, is taxable here, and it necessarily follows from the reasoning of this opinion, also, that the stock of a foreign corporation is not taxable here. Matter of Bronson's Estate, 150 N. Y. 1, 44 N. E. 707, 34 L. R. A. 238, 55 Am. St. Rep. 632. Under the amendatory act of 1892, construed in the light of the statutory construction law (chapter 677, p. 1485, Laws 1892), the Court of Appeals has held that such bonds of a foreign corporation, left within this state by a nonresident, are now taxable. Matter of Whiting's Estate, 150 N. Y. 27, 44 N. E. 715, 34 L. R. A. 232, 55 Am. St. Rep. 640; Matter of Morgan's Estate, 150 N. Y. 35,

44 N. E. 1126. It has also been held that money left on deposit by a nonresident within this state is also taxable (Matter of Houdayer's Estate, 150 N. Y. 37, 44 N. E. 718, 34 L. R. A. 235, 55 Am. St. Rep. 642; Matter of Blackstone's Estate, 69 App. Div. 127, 74 N. Y. Supp. 508, affirmed 171 N. Y. 682, 64 N. E. 1118; Blackstone v. Miller, 188 U. S. 189, 23 Sup. Ct. 277, 47 L. Ed. ——), but these decisions go upon the theory that the money upon deposit in the bank is the same in effect as if the testator had placed the money in a deposit vault, and that, therefore, it is property left by him within this state. In the Matter of James, supra, the testator was a nonresident, but he left within this state stocks and bonds of domestic and foreign corporations. It appeared that the executors had elected to appropriate these stocks and bonds to the payment of legacies to parties not subject to the collateral inheritance tax. The Court of Appeals held that on account of such election on the part of the executors none of the stock or bonds was taxable, but it then proceeded to consider the question whether in any event the stock of a foreign corporation would be taxable within this state, and held that, as already stated, it would not. In this discussion, however, no mention is made of the bonds. None of these decisions, as we view them, is decisive of the question under consideration, but we are of opinion that neither under the amendatory act of 1887, any more than under the original act of 1885, are such bonds property left within this state and subject to the payment of the collateral inheritance tax.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur. PATTERSON and O'BRIEN, JJ., dissent.