(50 Misc. Rep. 233.)

## In re SCHERMERHORN'S ESTATE.

(Surrogate's Court, New York County. April, 1906.)

TAXATION—TRANSFER TAX—PROPERTY SUBJECT.

Laws 1892, p. 1486, c. 677, § 4, define personal property as including all written instruments as distinguished from the rights and interest to which they relate. *Held*, that United States bonds belonging to a nonresident, but which were actually in the state, were not, in October, 1891, property within the meaning of the tax law, but were obligations for the payment of money, and not subject to the transfer tax.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, §§ 1673, 1680.]

In the matter of the estate of Edmund H. Schermerhorn. From an order assessing and fixing the transfer tax, the executor appeals. Reversed.

Strong & Cadwalader, for executors.

Edward H. Fallows, for State Comptroller.

THOMAS, S. The decedent was a nonresident of this state, and died October 1, 1891. The question presented by this appeal from the order fixing the transfer tax is as to whether the value of certain United States bonds, which were physically within the state at the time of the death of the decedent, were properly included in the appraisal. It is conceded that transfers of United States bonds belonging to a resident decedent were taxable under the law applicable to this case, for the statute which was held to exempt United States bonds from taxation had not then been enacted. Laws 1892, p. 814, c. 399.

The recent decision in Matter of Gibbes' Estate, 84 App. Div. 510, 83 N. Y. Supp. 53, affirmed, without opinion, 176 N. Y. 565, 68 N. E. 1117, was upon the same statutes which are applicable to this case, and the principles there applied must control here. It was there determined that a bond of a corporation created by the laws of a sister state was the mere evidence of a contract obligation or right of action, and was not, prior to the enactment of section 4, c. 677, p. 1486, of the laws of 1892, known as the statutory construction law, and within the meaning of the transfer tax law, "property," the presence of which in this state would render transfers from its deceased nonresident owner taxable.

The statutory construction law, in defining personal property as including "all written instruments themselves, as distinguished from the rights and interests to which they relate," was not merely declaratory of the law, but effected a change which was the foundation of a decision in Matter of Whiting's Estate, 150 N. Y. 27, 44 N. E. 715, 34 L. R. A. 232, 55 Am. St. Rep. 640; Matter of Morgan's Estate, 150 N. Y. 35, 44 N. E. 1126, under which the bonds of foreign corporations actually within the state belonging to nonresident decedents have since been included in transfer tax appraisals. Applying this rule, I must determine that United States bonds were not, in October, 1891, property within the meaning of the tax law, but were, under the law then existing and applicable, obligations for the payment of money, or evidences of a claim against the United States. They can be taxed

only according to the rules controlling the taxation of rights of action belonging to nonresident decedents, and the situs of such a right of action is, for purposes of taxation, the domicile of the debtor.   In the case of the bond of a corporation that situs has been held to be the place under the laws of which the debtor corporation was created, and by which laws the validity of the debt would be determined and its payment enforced.   Matter of Clinch's Estate, 180 N. Y. 300, 73 N. E. 35; Matter of Daly's Estate, 100 App. Div. 373, 91 N. Y. Supp. 858, affirmed 182 N. Y. 524, 74 N. E. 1116.   "Power over the person of the debtor confers jurisdiction" to impose the tax upon the debt. Blackstone v. Miller, 188 U. S. 189, 23 Sup. Ct. 277, 47 L. Ed. 439. It is quite clear that the state of New York has no power over the United States, and that the obligations of the United States were not created by the laws of the state, nor can the validity of those debts be determined by or their payment enforced by our courts.   Without determining, therefore, that the United States is for all purposes a corporation foreign to this state, it must follow that its debts, treated apart from the evidences hereof, are taxable in this state only when the debt of a foreign corporation is taxable.   The order appealed from must be reversed.

Order reversed.