### In re MYERS' ESTATE.

#### (Surrogate's Court, New York County. April 20, 1911.)

1. GIFTS (§ 30*)—GIFT OF DEPOSIT IN BANK—FORM OF ACCOUNT.

    Where a bank deposit is made in the name of the depositor and another, with the right to either to draw, the mere form of the account is not sufficient to establish an intent on the part of the depositor to give the person whose name is associated with his own on the books of the bank a joint interest in the deposit, with the right of survivorship.

    [Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 52–65; Dec. Dig. § 30.*]

2. GIFTS (§ 30*)—INTER VIVOS—DELIVERY.

    Where testatrix directs her attorney to invest part of a sum deposited in a bank for a daughter, and another part for a granddaughter, which investments are not made prior to decedent's death, and where there is no delivery of any writing or evidence of the gift, there is no valid gift inter vivos, and the sum deposited belonged to the decedent at the time of her death, so as to be subject to a transfer or inheritance tax.

    [Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 52–65; Dec. Dig. § 30.*]

3. TAXATION (§ 868*)—TRANSFER AND INHERITANCE TAX—PROPERTY LIABLE—BANK DEPOSITS.

    Where money is on deposit in this state for nearly two months before the death of the owner, it is subject to a transfer or inheritance tax, as against the objection that, being in the state only for investment, it was not subject to the tax.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1685–1687; Dec. Dig. § 868.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the estate of Lætitia M. Myers. From an order fixing an inheritance tax upon the estate of decedent, an appeal is taken. Order affirmed.

Man & Man, for appellant.

Lewis E. Carr, Jr., for State Comptroller.

COHALAN, S. This is an appeal from an order fixing a tax upon the estate of decedent.

[1] The executrix contends that a deposit of $46,000 in the Farmers' Loan & Trust Company, in the name of Lætitia M. Myers and Marie L. Mead, either to draw, was a joint account and passed to the survivor. She also contends that $40,000 of this deposit was given by the decedent in her lifetime to her daughter and granddaughter, and that therefore this amount should not become a taxable transfer upon the death of the decedent. The affidavits submitted by the executrix to the appraiser do not allege that Marie L. Mead, the daughter of decedent, was the owner in her individual right of any of the money constituting the deposit in the Farmers' Loan & Trust Company. Neither do these affidavits contain any allegation of facts which would show an intent on the part of the decedent that the deposit should be regarded as the joint property of herself and her daughter, with the absolute title in the survivor. The mere form of the account will not be regarded as sufficient to establish an intent on the part of the person making the deposit to give the individual whose name is associated with that of the depositor on the books of the bank or trust company a joint interest in the deposit, with the right of survivorship. Kelly v. Beers, 194 N. Y. 49, 86 N. E. 980, 128 Am. St. Rep. 543; Matter of Bolin, 136 N. Y. 177, 32 N. E. 626; Farrelly v. Emigrant Ind. Sav. Bank, 92 App. Div. 529, 87 N. Y. Supp. 54; Slee v. Kings Co. Sav. Ins., 78 App. Div. 534, 79 N. Y. Supp. 630. But any presumption in favor of a joint account, which may be indulged in because of the form in which the deposit was entered on the books of the trust company, is negatived by the assumption of complete ownership of the deposit by the decedent, as evidenced by her instructions to her attorney to invest $40,000 or $43,000 for the benefit of certain individuals when the total deposit was only $46,000.

[2] The decedent instructed her attorney to invest $20,000 of the sum deposited with the Farmers' Loan & Trust Company in a bond and mortgage for her daughter Marie L. Mead, and $20,000 in a bond and mortgage for her granddaughter; but it is conceded that these investments were not made prior to decedent's death, and it is not alleged that any writing or evidence of the gifts was delivered to either the daughter or granddaughter of decedent before she died. Instructions were given to the attorney of decedent to make the investments, but there is no evidence to show that he was the agent of the daughter or granddaughter of decedent for the purpose of accepting these gifts. As there was no delivery of the $20,000 to the daughter of decedent, or of the $20,000 to the granddaughter of decedent, or the bonds and mortgages representing these amounts, they do not constitute valid, irrevocable gifts inter vivos, and the property belonged to the decedent at the time of her death. Gannon v. McGuire,

160 N. Y. 481, 55 N. E. 7, 73 Am. St. Rep. 694; Wadd v. Hazelton, 137 N. Y. 215, 33 N. E. 143, 21 L. R. A. 693, 33 Am. St. Rep. 707.

[3] The contention of the executrix that the deposit was here temporarily for the purpose of investment, and therefore not subject to tax, is untenable, as the property was on deposit for nearly two months before the date of death of decedent. Matter of Blackstone, 69 App. Div. 127, 74 N. Y. Supp. 508, affirmed 171 N. Y. 682, 64 N. E. 1118.

Order fixing tax affirmed.